UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAISHA BLAYLOCK, individually and on her own behalf; and BEB, a minor individual, by and through her litigation guardian *ad litem*,<br><br>                 Plaintiffs,<br><br>   v.<br><br>MEDICAL LAKE SCHOOL DISTRICT, a Washington governmental entity; TIM AMES, an individual; KIM NOWALK, an individual; CELESTE KNIGHTS, an individual; CAROLIN GIPPLE, an individual; JENNA FINNERTY, an individual; ALITA CROSBY, an individual; KATHRYN INMAN, an individual; DARLENE STARR, an individual; SIARA RODRIGUES, an individual; BARRY WARREN, an individual; TAWNI BARLOW, an individual; and DOEs 1-10, unknown persons and/or entities,<br><br>                 Defendants. | NO. 2:24-CV-0250-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 19). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 19) is DENIED.

## BACKGROUND

This matter arises out of alleged suspected sexual abuse of a child. During the fall of 2022, B.E.B. was a student at Michael Anderson Elementary School ("the School"), located in the Medical Lake School District ("the District"). ECF No. 1-3 at 11, ¶ 86. During this time, B.E.B's parents, John Blaylock and Paisha Blaylock were going through a divorce, and B.E.B. was living with Mr. Blaylock while Ms. Blaylock resided in Utah. ECF No. 20 at 3. Plaintiffs note that Mr. Blaylock is not B.E.B.'s biological father but does appear as her father on her birth certificate. On October 24, 2022, Ms. Blaylock reported to the School and the District that B.E.B had told her on a Facetime call that her father was touching her, and that B.E.B had told a teacher who encouraged her to "tell [her] mom." ECF No. 1-3 at 11–12, ¶¶ 87, 88. Ms. Blaylock also reported that she had a recording of B.E.B. stating "Daddy is touching me." *Id*. at 12, ¶ 88.

Plaintiffs allege that after learning of the suspected abuse, Defendants did not contact law enforcement or Child Protective Services ("CPS"), as is required by relevant state law for school professionals that reasonably believe that a child is

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 2

1 being abused. *Id*. at 13, ¶¶ 91, 99.  Instead, Defendants conducted their own
2 investigation into the allegation of abuse, which is specifically against the School's
3 policy, and determined that it had no merit. *Id*., at 12, 13, ¶¶ 92, 93, 96; ECF No.
4 20 at 4.  Defendants remained in contact with Mr. Blaylock, which is also against
5 School policy.  ECF No. 1-3 at 13, ¶ 97.  Additionally, Plaintiffs allege that during
6 this time, Mr. Blaylock was dating and living with School employee Siara
7 Rodrigues, though this allegation is not contained in Plaintiffs' Complaint.  ECF
8 No. 20 at 8.  On January 10, 2023, Mr. Blaylock's alleged abuse of B.E.B. was
9 reported to CPS, and the United States Airforce and the Spokane County Sheriff's
10 Office became involved.  ECF No. 1-3 at 13, ¶ 100.  There is no information
11 before the Court regarding the outcome of the official investigation(s) undertaken
12 by any government entity.

13 　　　Ms. Blaylock and B.E.B, through a guardian *ad litem*, filed this present
14 lawsuit in Spokane County Superior Court, asserting claims of negligence,
15 intentional or reckless infliction of emotional distress, and violation of the
16 Fourteenth Amendment under 42 U.S.C. § 1983.  ECF No. 1-3 at 14–15.
17 Defendants removed this action on July 24, 2024, invoking this Court's jurisdiction
18 under 28 U.S.C. § 1441(a).  ECF No. 1.  Defendants now seek dismissal of
19 Plaintiffs' 42 U.S.C. § 1983 claim, thereby destroying jurisdiction and requiring
20 remand.  ECF No. 19.

# DISCUSSION

## I. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*,

250 F.3d at 732.

## II. Claim under 42 U.S.C. § 1983

To establish liability under 42 U.S.C. § 1983, a claimant must show (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). Here, Plaintiffs assert the constitutionally protected right of bodily integrity derived from the Fourteenth Amendment substantive due process clause. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006) (citing *Ingraham v. Wright*, 430 U.S. 651, 673–74 (1977)). This clause acts as a limitation to state power, rather than a guarantee of safety, and thus a government actor generally has no constitutional obligation to protect an individual from harm done by a third party. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989). However, there are two exceptions: "(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception), . . . and (2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011) (quoting *DeShaney*, 489 U.S. at 198–202; *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)).

Defendants only challenge the sufficiency of Plaintiffs' claim under 42 U.S.C. § 1983 generally, and do not address *Monell* liability or claims deriving from state law. Plaintiffs concede that the special relationship exception is inapplicable to their § 1983 claim, and thus the Court focuses squarely on the state created danger exception. ECF No. 20 at 7. The state created danger exception applies where (1) there is "affirmative conduct on the part of the state in placing the plaintiff in danger" and (2) "the state acts with 'deliberate indifference' to a 'known or obvious danger.'" *Patel*, 648 F.3d at 974 (quoting *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1086 (9th Cir. 2000); *Grubbs*, 92 F.3d at 900).

With respect to the first prong, a court looks to whether the officials involved left an individual in a more dangerous situation than the one in which they were found. *Munger*, 227 F.3d at 1086; *see also Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) ("[A plaintiff] must show that the officers' affirmative actions created or exposed her to an actual, particularized danger that she would not otherwise have faced."). "The critical distinction is not . . . an indeterminate line between danger creation and enhancement, but rather the stark one between state action and inaction in placing an individual at risk." *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997).

Defendants argue that dismissal is proper because Plaintiffs' claim does not

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 6

1  amount to affirmative action on the part of the School and the District under the
2  first requirement, and therefore does not qualify as a "state created danger." ECF
3  No. 19 at 11. In support of this contention, Defendants point to instances of
4  affirmative acts where it argues that state action impeded care or created a
5  sufficiently dangerous situation and concludes that failure to report did not place
6  B.E.B in any danger she did not already face. *See Murguia v. Langdon*, 61 F.4th
7  1096, 1112 (9th Cir. 2023); *Munger*, 227 F.3d at 1087 (finding an affirmative act
8  where police left a man to freeze to death after instructing him not to drive home
9  and not to reenter a bar); *Penilla*, 115 F.3d at 710 ("The officers in this case
10 allegedly took affirmative actions that significantly increased the risk facing
11 Penilla: they cancelled the 911 call to the paramedics; they dragged Penilla from
12 his porch, where he was in public view, into an empty house; they then locked the
13 door and left him there alone."); *Wood v. Ostrander*, 879 F.2d 583, 590 (9th Cir.
14 1989) (discussing that an officer placed a woman at a greater risk of harm when
15 stranding her in a high crime neighborhood at 2:30 a.m. where she was raped).

16      The Court disagrees with Defendants' assessment that no one involved
17 engaged in an affirmative act, finding this case eerily similar to *Davis v.*
18 *Washington State Dep't of Soc. & Health Servs.*, 773 Fed. Appx. 367, 369 (9th Cir.
19 2019), in which the Ninth Circuit upheld a denial of qualified immunity of school
20 officials and the school district based on a failure to report suspected physical

abuse. In *Davis*, the court found that because the school district had a policy for reporting abuse but encouraged staff to delay or avoid reporting to CPS, the officials engaged in an affirmative act that placed the child suffering from physical abuse at home in greater danger than he was found in, resulting in his death. *Id*. Here, the facts as alleged represent that Defendants ignored the District's own policy after B.E.B and her mother alerted mandatory reporters and took the affirmative step of engaging in an investigation in which it found no abuse. If B.E.B. was sexually abused by Mr. Blaylock, this allegation could plausibly demonstrate that B.E.B. was left in a worse position than she was found in, as intervention by CPS and other law enforcement was delayed, especially given the District's position that her claims were false. Moreover, accepting the contents of the Complaint as true, this harm could have been further compounded by Defendants continued active contact with Mr. Blaylock during and after the investigation, as the content of the investigation and subsequent communication is not currently before the Court. In construing the allegations under a Motion to Dismiss standard, Plaintiffs have pled an affirmative act that left B.E.B. in a worse position than she was prior to reporting to her teacher and School officials.

As to the second prong, "deliberate indifference is 'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Patel*, 648 F.3d at 974 (quoting *Bryan Cnty v. Brown*,

520 U.S. 397, 410 (1997)).  Defendants do not challenge the adequacy of Plaintiffs' § 1983 claim under the second prong of the test.  *See* ECF No. 19 at 12 ("In this case, the second requirement need not be analyzed because there are no facts establishing the first requirement.").  However, the Court notes here that the potential consequences of not reporting abuse are allegedly laid out in Defendants' own policy, "well-intended efforts to investigate may jeopardize law enforcements or CPS's investigation and place a child in more harm."  ECF No. 1-3 at 12, ¶ 92.  Defendants have not alleged that the policy discussed in Plaintiffs' Complaint is an inaccurate representation, and thus the Court accepts it as true.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 19) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 20, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 9