1  DOUGLAS C. MCDERMOTT
   doug@mcdermottasan.com
2  ANDREA L. ASAN
   andrea@mcdermottasan.com
3  MCDERMOTT ASAN, PLLC
   140 South Arthur Street, Suite 660
4  Spokane, Washington 99202
   Telephone: 509-213-5298

5

6

7           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
8

| | |
|---|---|
| 9  PAISHA BLAYLOCK, individually and on her own behalf; and BEB, a minor individual, by and through her litigation guardian *ad litem*, | Case No.: 2:24-CV-0250-TOR |
| 11          Plaintiffs, | STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION |
| 12     v. | |
| 13 MEDICAL LAKE SCHOOL DISTRICT, a Washington governmental entity; TIM AMES, an individual; KIM NOWALK, an individual; CELESTE KNIGHTS, an individual; CAROLIN GIPPLE, an individual; JENNA FINNERTY, an individual; ALITA CROSBY, an individual; KATHRYN INMAN, an individual; DARLENE STARR, an individual; SIARA RODRIGUES, an individual; BARRY WARREN, an individual; TAWNI BARLOW, an individual; and DOEs 1-10, unknown persons and/or entities, | |
| 20          Defendants. | |

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 1
Case No.: 2:24-cv-00250-TOR

**MCDERMOTT ASAN, PLLC**
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

# I. AGREEMENT

The parties, by and through their respective counsel, hereby agree to the following:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information regarding a minor, BEB, for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. This agreement does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) all Protected Health Information as that term is defined in the Health Insurance Portability and Accountability Act; (2) BEB's medical records in their entirety; (3) BEB's counseling records in their entirety; (4) all records of forensic and other interviews of BEB pertaining to this case; (5) all non-public records that reference allegations that BEB was abused or

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 2
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

1  neglected; and (6) all Fed. R. Civ. P. 35 examinations conducted in connection with
2  this litigation, all raw data and/or other materials associated with such examinations,
3  and all reports and other written materials associated with such examinations.

4      The parties acknowledge that, after marking materials "CONFIDENTIAL,"
5  the information the designating party alleges is confidential shall not be redacted
6  from such materials. The only information that may be redacted from such materials
7  is information protected by attorney-client privilege or the work-product doctrine
8  which must be clearly identified and documented in a privilege log.

9      Nothing in this definition of "Confidential Material" is in any way an
10 admission or acknowledgement that the documents and tangible things listed herein
11 are otherwise discoverable. The parties reserve all rights to object to the production
12 of documents or tangible things included in the list above, notwithstanding that
13 these documents or tangible things might be subject to the terms of this Protective
14 Order.

15 3.   <u>SCOPE</u>

16     The protections conferred by this agreement cover not only confidential
17 material (as defined above), but also (1) any information copied or extracted from
18 confidential material; (2) all copies, excerpts, summaries, or compilations of
19 confidential material; and (3) any testimony, conversations, or presentations by
20 parties or their counsel that might reveal confidential material.

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 3
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, confidential material may be disclosed only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the receiving party, unless a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) the officers, directors, and employees (including in-house

STIPULATION FOR PROTECTIVE ORDER
AND FED. R. CIV. P. 35 EXAMINATION- 4
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

1  counsel) of the receiving party to whom disclosure is reasonably necessary for this

2  litigation, unless a particular document or material produced is for Attorney's Eyes

3  Only and is so designated;

4      (d)  experts and consultants to whom disclosure is reasonably

5  necessary for this litigation and who have signed the "Acknowledgment and

6  Agreement to Be Bound" (Exhibit A);

7      (e)  Matthew Albrecht, the court-appointed Guardian Ad Litem for

8  BEB;

9      (f)  the court, court personnel, and court reporters and their staff;

10     (g)  copy or imaging services retained by counsel to assist in the

11 duplication of confidential material, provided that counsel for the party retaining

12 the copy or imaging service instructs the service not to disclose any confidential

13 material to third parties and to immediately return all originals and copies of any

14 confidential material;

15     (h)  during their depositions, witnesses in the action to whom

16 disclosure is reasonably necessary and who have signed the "Acknowledgment and

17 Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating

18 party or ordered by the court.  Pages of transcribed deposition testimony or exhibits

19 to depositions that reveal confidential material must be separately bound by the

20 court reporter and may not be disclosed to anyone except as permitted under this

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 5
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

agreement;

        (i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.3    <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 6
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

5.2     Manner and Timing of Designations.  Except as otherwise provided in this agreement (see, *e.g.*, second sentence of section 5.2(b) below and subsection 5.3 below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 7
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

1  conference.

2     (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inability to Designate Before Disclosure</u>. If a designating party is unable to designate material as confidential or Attorney's Eyes Only before the receiving party obtains that material (*e.g.*, the receiving party obtains material directly from a third party, such as a medical provider), the receiving party shall maintain the material as Attorney's Eyes Only until the receiving party provides copies of the material to the designating party, and the designating party shall then have fifteen days after receiving copies of the material to designate portions of the material as confidential/Attorney's Eyes Only. Notwithstanding this section, the parties agree that pursuant to section 2, all Protected Health Information, medical records, counseling records, and related records that have already been obtained during the course of this litigation are confidential.

  5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 8
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.

    6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 9
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

confidentiality. The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 10
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a designating party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 11
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. <u>FED. R. CIV. P. 35 EXAMINATION</u>

In addition to the foregoing, the parties hereby agree that defendants may conduct one Fed. R. Civ. P. 35 examination of BEB, subject to the following:

    (a) The parties shall comply with the provisions of Fed. R. Civ. P. 35;

    (b) Defendants shall promptly provide plaintiffs with all reports associated with the examination;

    (c) Defendants shall promptly provide all raw data and/or other materials associated with the examination to a psychologist or neuropsychologist designated by plaintiffs.

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 12
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

1  Dated this 10th day of October, 2025    Respectfully submitted,

2                                          MCDERMOTT ASAN, PLLC

3

4                                          By  s/ Douglas C. McDermott
                                            Douglas C. McDermott, WSBA #31500
5                                          doug@mcdermottasan.com
                                            Andrea L. Asan, WSBA #35395
6                                          andrea@mcdermottasan.com
                                            140 South Arthur Street, Suite 660
7                                          Spokane, Washington 99202
                                            Telephone: 509-213-5298
8
                                            *Attorneys for Plaintiffs*
9

10                                         EVANS, CRAVEN, & LACKIE, P.S.

11

12                                         By  s/ Michael E. McFarland, Jr.
                                            Michael E. McFarland, Jr., WSBA #23000
13                                         mmcfarland@ecl-law.com
                                            818 West Riverside Avenue, Suite 250
14                                         Spokane, Washington 99201
                                            Telephone: 509-455-5200
15
                                            *Attorneys for Defendants*
16

17

18

19

20

## II. ORDER

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED October 16, 2025.

_____
THE HONORABLE THOMAS O. RICE

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 14
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of *Blaylock v. Medical Lake School District*, Case No. 2:24-cv-00250-TOR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  Date:_____-

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATION FOR PROTECTIVE ORDER AND FED. R. CIV. P. 35 EXAMINATION- 15
Case No.: 2:24-cv-00250-TOR

MCDERMOTT ASAN, PLLC
140 South Arthur Street, Suite 660
Spokane, Washington 99202
Telephone: 509-213-5298